UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE BARRERA, | No. 2:14-cv-2260 JAM DAD P |
| Petitioner, | |
| v. | ORDER |
| W.L. MUNIZ, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the petition due to petitioner's alleged failure to exhaust his claims by first presenting them to the state high court and petitioner's motion for a stay and abeyance.

**BACKGROUND**

On January 27, 2012, a Solano County Superior Court jury found petitioner guilty of assault by a life prisoner with infliction of great bodily injury and possession of a weapon while confined in a penal institution.  Pursuant to that conviction the trial court sentenced petitioner to twelve years to life in state prison on the assault charge, two years for custodial possession of a weapon, five years for having a prior felony conviction, and one year for having served a prior prison term.  On April 30, 2013, the California Court of Appeal stayed petitioner's two-year sentence for custodial possession of a weapon and otherwise affirmed the judgment of conviction.

1

On July 10, 2013, the California Supreme Court denied review.  (Pet. at 2-3, Resp't's Mot. to Dismiss, Exs. 1 & 2.)

On September 22, 2014, petitioner filed his federal habeas corpus petition with this court. In that petition, he asserts five claims for federal habeas relief:

(1) The trial court's refusal to give a modified instruction on imperfect self-defense was prejudicial error.

(2) The instructional error deprived petitioner of the opportunity to present a defense that he lacked the requisite malice and deprived him of federal and state constitutional rights to due process.

(3) The evidence introduced at his trial was insufficient to establish that he acted with malice.

(4) The evidence introduced at his trial was insufficient to establish that he did not act in self-defense.

(5) The sentence imposed against him on the possession of a weapon charge should have been stayed pursuant to California Penal Code Section 654.

(Pet. Pt. 2 Attach.)

## THE PARTIES' ARGUMENTS

Counsel for respondent argues that although petitioner raised all five of his claims before the California Court of Appeal, he only raised Claims (1) and (2) in his petition for review to the California Supreme Court.  Since petitioner did not present his Claims (3) and (4) to the California Supreme Court, and Claim (5) has been rendered moot because the California Court of Appeal granted petitioner the requested relief already, counsel for respondent argues that the court must dismiss the petition.  (Resp't's Mot. to Dismiss at 2-4.)

Petitioner does not dispute that Claim (5) is now moot.  However, petitioner contends that this court should not dismiss his pending petition and instead, should stay this action and allow him to return to state court to exhaust his Claims (3) and (4).  Upon completion of exhaustion, petitioner contends that he will file an amended petition in this case so that the court may address all of his claims at once.  (Pet'r's Mot. for Stay & Abey. at 1-2 & Decl.)

**STAY AND ABEYANCE PROCEDURES**

The Ninth Circuit Court of Appeals has analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). First, the Ninth Circuit explained "the Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.

A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions. If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims set forth in his original federal petition. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay. See King, 564 F.3d at 1140–41. See also Duncan v. Walker, 533 U.S. 167, 172–75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner need not amend his federal habeas petition to delete unexhausted claims. Instead, the petitioner may proceed on a "mixed petition," and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). A petitioner who elects to proceed under

the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of the claims set forth in his federal petition. See King, 564 F.3d at 1140.

Importantly, under Rhines however, "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'" King, 564 F.3d at 1139 (quoting Rhines, 544 U.S. at 277–78). The Ninth Circuit recently provided guidance on what constitutes "good cause" to excuse a petitioner's failure to exhaust. Blake v. Baker, 745 F.3d 977 (9th Cir. 2014). In Blake, the Ninth Circuit held that:

> The good cause element is the equitable component of the Rhines test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure. An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.

Blake, 745 F.3d at 982.

In addition to the good cause requirement, the Supreme Court has cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances." Rhines, 544 U.S. at 277. The Supreme Court explained that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278. In addition, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277–78.

## DISCUSSION

In this case, because it is not clear from petitioner's motion for a stay and abeyance whether he seeks a stay under the Kelly procedure or the Rhines procedure, the court will deny petitioner's pending motion without prejudice to renewal. If petitioner wishes to proceed in this action by seeking a stay under the Kelly procedure, he must file his renewed motion together with an amended habeas petition containing only his exhausted claims (i.e., Claims (1) and (2)). At that point, the court may stay and hold in abeyance that amended, fully exhausted petition, while

4

petitioner proceeds in state court on his unexhausted claims.  As discussed above, however, petitioner would only be allowed to proceed in this court on his newly-exhausted claims if those claims were timely filed in this court or if they share a common core of operative facts with the claims set forth in his original federal petition.

On the other hand, if petitioner wishes to pursue a stay under the Rhines procedure he will need to file his renewed motion setting forth sufficient facts and information necessary to satisfy the requirements discussed above.  In this regard, petitioner must (1) show good cause for his failure to exhaust all claims before filing this action (i.e., he must "set forth a reasonable excuse, supported by sufficient evidence, to justify his failure" to exhaust), (2) demonstrate why each of his unexhausted claims is potentially meritorious, (3) describe the status of any state court proceedings on the unexhausted claims, and (4) demonstrate that he has acted diligently in pursuing his unexhausted claims.  See Rhines, 544 U.S. at 277–78.

Once the court receives petitioner's renewed motion for a stay and abeyance, the court will address it in conjunction with respondent's motion to dismiss the petition for failure to exhaust.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for a stay and abeyance (Doc. No. 14) is denied without prejudice; and

2. Within thirty days from the date of service of this order, petitioner shall either:

    (a) file a renewed motion for a stay and abeyance indicating he wishes to proceed under the Kelly procedure, together with an amended habeas petition containing only his exhausted claims (1) and (2), or

/////
/////
/////
/////
/////

(b) file a renewed motion for a stay and abeyance indicating he wishes to proceed under the Rhines procedure; any renewed motion must make a showing of good cause and satisfy the remaining requirements under Rhines.

Dated:  April 30, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
barr2260.msty