UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE BARRERA,<br><br>            Petitioner,<br><br>       v.<br><br>W.L. MUNIZ, Warden,<br><br>            Respondent. | No.  2:14-cv-2260 JAM DAD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the petition due to petitioner's alleged failure to exhaust his claims by first presenting them to the state high court and petitioner's renewed motion for a stay and abeyance.

**BACKGROUND**

On January 27, 2012, a Solano County Superior Court jury found petitioner guilty of assault by a life prisoner with infliction of great bodily injury and possession of a weapon while confined in a penal institution.  Pursuant to that conviction petitioner was sentenced to serve twelve years to life in state prison on the assault charge, two years imprisonment for custodial possession of a weapon, five years for having a prior felony conviction, and one year for having served a prior prison term.  On April 30, 2013, the California Court of Appeal for the First Appellate District stayed petitioner's two-year sentence for custodial possession of a weapon and

1

otherwise affirmed the judgment of conviction and sentence.  On July 10, 2013, the California Supreme Court denied review.  (Pet. at 2-3, Resp't's Mot. to Dismiss, Exs. 1 & 2.)

On September 22, 2014, petitioner filed his federal habeas corpus petition with this court.  In that petition, he asserts five claims for federal habeas relief:

(1) The trial court's refusal to give a modified instruction on imperfect self-defense constituted prejudicial error.

(2) The instructional error deprived petitioner of the opportunity to present a defense that he lacked the requisite malice and deprived him of federal and state constitutional rights to due process.

(3) The evidence introduced at his trial was insufficient to establish that he acted with the required malice.

(4) The evidence introduced at his trial was insufficient to establish that he did not act in self-defense.

(5) The sentence imposed against him on the possession of a weapon charge should have been stayed pursuant to California Penal Code § 654.

(Pet. Pt. 2 Attach.)

**THE PARTIES' ARGUMENTS**

Counsel for respondent argues that although petitioner raised all five of his claims before the California Court of Appeal on direct appeal, he only raised his current Claims (1) and (2) in his petition for review filed with the California Supreme Court.  Since petitioner did not present his current Claims (3) and (4) to the California Supreme Court, and his Claim (5) has been rendered moot because the California Court of Appeal has already granted petitioner the requested relief, counsel for respondent argues that the court must dismiss the pending federal habeas petition.  (Resp't's Mot. to Dismiss at 2-4.)

Petitioner does not dispute that his current Claim (5) is now moot.  However, petitioner contends that this court should not dismiss his pending mixed federal petition and instead, should stay this federal habeas action pursuant to the decision in Rhines v. Weber, 544 U.S. 269 (2005), and allow him to return to state court to exhaust his current Claims (3) and (4).  Specifically,

petitioner contends that he is untrained in the practice of law and that his state-appointed attorneys did not advise him to file a habeas corpus petition in state or federal court to further pursue his claims for relief.  Petitioner also contends that his state appellate counsel failed or refused to raise on appeal the unexhausted claims he has now asserted in his federal habeas petition.  (Pet'r's Mot. for Stay & Abey. at 1-2 & Decl.)

**ANALYSIS**

I. <u>Exhaustion of State Court Remedies</u>

State courts must be given the first opportunity to consider and address a state prisoner's habeas corpus claims.  <u>See</u> <u>Rhines</u>, 544 U.S. at 273-74 (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982)); <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009) ("Habeas petitioners have long been required to adjudicate their claims in state court - that is, 'exhaust' them - before seeking relief in federal court."); <u>Farmer v. Baldwin</u>, 497 F.3d 1050, 1053 (9th Cir. 2007) ("This so-called 'exhaustion requirement' is intended to afford 'the state courts a meaningful opportunity to consider allegations of legal error' before a federal habeas court may review a prisoner's claims.") (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257 (1986)).  Generally speaking, a federal court will not grant a state prisoner's application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1).  The exhaustion requirement will not be deemed to have been waived unless the state, through counsel, expressly waives the requirement.  28 U.S.C. § 2254(b)(3).

A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting those claims for relief to the federal court.  <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1025 (9th Cir. 2008).  A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based.  <u>See</u> <u>Wooten</u>, 540 F.3d at 1025 ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider . . . and to correct [the] asserted constitutional defect.'"); <u>Lounsbury v. Thompson</u>, 374 F.3d 785, 787 (9th Cir. 2004) (same) (quoting <u>Picard</u>, 404 U.S. at 276)).

3

II. Discussion

In this case, the parties do not dispute that petitioner's present Claims (3) and (4) are unexhausted. Although petitioner has filed a renewed motion for a stay and abeyance seeking an order staying this action while he returns to state court to exhaust his Claims (3) and (4), the undersigned finds that petitioner has not established the required "good cause" for the issuance of a stay under the Supreme Court's decision in Rhines. As the court previously advised petitioner, the Ninth Circuit recently provided guidance on what constitutes "good cause" to excuse a petitioner's failure to exhaust. Blake v. Baker, 745 F.3d 977 (9th Cir. 2014). In Blake, the Ninth Circuit held that:

> The good cause element is the equitable component of the Rhines test. It ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure. An assertion of good cause without evidentiary support will not typically amount to a reasonable excuse justifying a petitioner's failure to exhaust.

Blake, 745 F.3d at 982.

Here, petitioner has not demonstrated that he is entitled to a stay under the decision in Rhines.[1] As an initial matter, petitioner's lack of legal training or knowledge – a commonplace circumstance of many pro se petitioners – does not alone constitute good cause for petitioner's delay in exhausting his claims in state court. See, e.g., Labon v. Martel, No. CV 14-6500 DSF (RNB), 2015 WL 1321533 at *7 (C.D. Cal. Mar. 17, 2015) ("The fact that petitioner was untrained in the law and lacked legal assistance does not constitute good cause for petitioner's delay in exhausting his state remedies); Viesca v. Grounds, No. CV 13-0651 MWF (RNB), 2013 WL 6504733 at *5 (C.D. Cal. Dec. 11, 2013) ("The fact that petitioner had limited education, was untrained in the law, and was dependent on legal assistance does not constitute good cause for petitioner's delay in exhausting his state remedies."); Law v. McEwen, No. CV 1202940 CJC

---

[1] If petitioner still believes he can make the required showing of good cause under Rhines for his failure to exhaust his current Claims 3 and 4 he should do so in any objections he may elect to file to these findings and recommendations.

4

1  (SH), 2012 WL 6700486 at *2 (C.D. Cal. Nov. 20, 2012) ("Unfortunately, Petitioner's lack of
2  legal knowledge and experience is a routine circumstance for prisoners/petitioners and does not
3  amount to good cause for failing to exhaust."). Indeed, finding good cause under these
4  circumstances would render stay-and-abeyance orders routine and "would run afoul of Rhines
5  and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'"
6  Wooten, 540 F.3d at, 1024 (quoting Rhines, 544 U.S. at 277).

7  Moreover, insofar as petitioner claims ineffective assistance of counsel for failing to
8  exhaust his Claims (3) and (4), petitioner has not submitted to this court any evidence in support
9  of his contention that he received ineffective assistance of counsel on direct appeal in state court.
10 As the Ninth Circuit made clear in Blake, a "bald assertion" does not amount to a showing of
11 good cause. Blake, 745 F.3d at 982. Compare Nogueda v. California, No. 2:14-cv-1045 GGH P,
12 2014 WL 5473548 at *2 (E.D. Cal. Oct. 23, 2014) ("petitioner has failed to demonstrate that he
13 qualifies for a stay because he has failed to support his request as required in Blake (i.e., there is
14 no documentation – as opposed to oral assertions – showing that he discussed these claims with
15 trial and/or appellate counsel and was ignored)"); Lisea v. Sherman, No. 2:14-cv-1766 CKD P,
16 2014 WL 4418632 at *3 (E.D. Cal. Sept. 8, 2014) (denying a motion for a stay and abeyance
17 because the petitioner supplied no evidence in support of his contention that appellate counsel
18 was ineffective in failing to raise certain claims); Davis v. Biter, No. 12-cv-3001 BEN (BLM),
19 2014 WL 2894975 at *8 (S.D. Cal. June 25, 2014) (denying a motion for a stay and abeyance
20 because the petitioner had not presented any evidence to support his good cause argument), with
21 Cruz v. Mitchell, No. 13-cv-02792 JST, 2015 WL 78779 at *3 (N.D. Cal Jan. 5, 2015)
22 (petitioner's showing of ineffective assistance of counsel met the good cause requirement because
23 he supported his argument with juror questionnaires, declarations from prior counsel, and trial
24 transcripts); Ramos v. Chappell, No. C 05-3752 SI, 2014 WL 6065660 at *3 (N.D. Cal. Nov. 12,
25 2014) (petitioner established good cause by advancing a reasonable excuse, supported by
26 evidence – including a declaration from his post-conviction counsel who admitted that it was not
27 a strategic choice to fail to attempt to contact trial counsel, obtain independent psychological
28 evaluator, and so on – to justify his failure to exhaust).

For all of the foregoing reasons, the court will recommend granting respondent's motion to dismiss and denying petitioner's motion for a stay and abeyance under the procedure outlined by the Supreme Court in Rhines with directions to petitioner to file an amended petition that contains only his exhausted claims.  When petitioner files his amended petition, he may elect to proceed in this action solely on his fully exhausted Claims (1) and (2).  Alternatively, petitioner may file with his amended petition a motion for a stay under the Kelly procedure, outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), which does not require a showing of "good cause."  See King, 564 F.3d 1133.  As this court has previously advised petitioner, under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.

Petitioner is cautioned, however, that if he elects to pursue a stay of this action under the Kelly procedure, he will be able to amend his petition with any newly exhausted claims only if those claims are then timely under the statute of limitations governing the filing of federal habeas petitions.  See King, 564 F.3d at 1140-41.  If petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims set forth in his federal petition.  See id. at 1141.  See also Duncan v. Walker, 533 U.S. 167, 172–75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. No. 11) be granted;

2. Petitioner's renewed motion for a stay and abeyance under the procedure outlined in the Supreme Court's decision in Rhines (Doc. No. 18) be denied; and

/////

3. Within thirty days of any order adopting these findings and recommendations, petitioner be directed to file an amended petition containing only his exhausted Claims (1) and (2). Petitioner may elect to proceed on his fully exhausted Claims (1) and (2) or he may file with his amended petition a motion for a stay pursuant to the Kelly procedure.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 22, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
barr2260.157