UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE BARRERA,<br><br>        Petitioner,<br><br>   v.<br><br>W.L. MUNIZ,<br><br>        Respondent. | No. 2:14-cv-2260 JAM DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis. On June 27, 2017, this court issued findings and recommendation in which the undersigned recommended denial of petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 45.) Petitioner was advised that if he wished to file an appeal, he should seek a certificate of appealability in his objections to the findings and recommendations. On August 16, 2017, petitioner filed objections to the findings and recommendations. (ECF No. 48.) On October 12, 2017, the district judge rejected petitioner's objections, adopted the findings and recommendations, declined to issue a certificate of appealability, and denied the petition for a writ of habeas corpus.

On November 9, 2017, petitioner filed both a motion for a certificate of appealability in this court and a notice of appeal. (ECF Nos. 51, 53.) The district judge referred the motion to the undersigned magistrate judge. (ECF No. 54.) For the reasons set forth below, the court

////

1

construes petitioner's motion as a Rule 59(e) motion to amend the judgment and recommends denial of that motion.

Generally, once an appeal is filed, a district court no longer has jurisdiction to consider motions affecting the judgment. Davis v. Yageo Corp., 481 F.3d 661, 685 (9th Cir. 2007) (citing Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 772 (9th Cir.1986)). However, under Rule 4 of the Federal Rules of Appellate Procedure, if a party files a notice of appeal after the entry of judgment but before disposition of certain motions, including a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Rule 60(b), then the district court retains jurisdiction to consider and decide that motion and the notice of appeal becomes effective when that motion is resolved. Because petitioner filed his motion within 28 days after the entry of judgment, his motion is treated as one under Rule 59(e).[1] See Lee-Thomas v. Prince George's County Public Schools, 666 F.3d 244, 247 n.4 (4th Cir. 2012).

A Rule 59(e) motion to alter or amend the judgment is an "extraordinary remedy which should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc) (per curiam)). Petitioner does not cite to newly discovered evidence or a change in the law. Nor does petitioner meet the remaining two bases for relief under Rule 59(d).

////

---

[1] Judgment was entered on October 12, 2017. (ECF No. 50.) Petitioner's proof of service shows that he placed his motion in the prison mail to be sent to this court on November 7, 2017. (ECF No. 53 at 10.) Prisoner filings are deemed "filed" on the date they are provided to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988). Petitioner provided his motion to officials for filing 26 days after entry of judgment. Accordingly, his motion falls within the time provisions of Rule 59(e).

2

Petitioner argues that the court erred in summarily denying his claims without an evidentiary hearing, which, he contends, justifies a certificate of appealability. (ECF No. 53 at 4.) He also appears to argue, for the first time, that his trial attorney was ineffective for failing to conduct a pre-trial investigation. (Id. at 5.) He makes a second new argument that the California Court of Appeals determination that the evidence was sufficient to support the verdict for attempted murder is an unreasonable application of the law set forth in Mullaney v. Wilbur, 421 U.S. 684, 704 (1974). (Id. at 8.) Primarily, however, petitioner reargues the merits of his claims. (Id. at 5-8.)

To demonstrate "manifest error," petitioner must show the judgment rests on an incorrect factual assumption or clear error of law. However, new legal arguments that should have been raised previously are not appropriate in a Rule 59(e) motion. Divane v. Krull Elec. Co., Inc., 194 F.3d 845, 850 (7th Cir. 1999). Nor is a Rule 59(e) motion an appropriate vehicle to ask the court to revisit issues already addressed. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Petitioner shows neither an incorrect factual assumption or a clear error of law. He primarily does nothing more than reiterate the arguments he made in his objections to the undersigned's findings and recommendations. Petitioner does not explain his new argument that the decision in Mullaney v. Wilbur, 421 U.S. 684 (1974) is controlling. He appears to be relying simply on the Court's statement therein that a federal court is bound by a state court's construction of its state laws except where that construction is "an obvious subterfuge to evade consideration of a federal issue." 421 U.S. at 691. For the reasons set out in the June 27, 2017 findings and recommendations, this court does not find any such "subterfuge" on the part of the state court in this case. Further, petitioner could have, and should have, raised any argument based on Mullaney previously.

Nor does petitioner show that a "manifest injustice" will result from this court's denial of a certificate of appealability. This district court considered, and rejected, issuance of a certificate of appealability previously. (See ECF No. 49 at 2.) Petitioner presents nothing new here to change that determination.

////

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion for a certificate of appealability (ECF No. 53) be construed as a Rule 59(e) motion and be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 3, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/barr2260.59e